IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40083
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARTURO CORTEZ CAMPOS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-99-CR-470-2
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Arturo Cortez Campos argues that the district court clearly erred in adjusting his offense level pursuant to U.S.S.G. § 2D1.1(b) for possession of a weapon during a drug-trafficking offense because there was not sufficient evidence to support this finding.

A defendant may be held accountable for a codefendant's reasonably foreseeable possession of a firearm during the commission of a drug-trafficking offense. United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997). There was reliable

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence that Campos and his codefendant Camargo both participated in the drug-trafficking offense and that Campos was aware that Camargo was in possession of a firearm prior to the offense. Thus, the preponderance of the evidence supported the district court's finding that it was foreseeable to Campos that his accomplice would be in possession of the weapon during the drug-trafficking offense.

The discovery of a firearm in a defendant's residence where drug-trafficking activities have occurred is sufficient to support a finding that the defendant was in possession of the firearm in connection with his drug-trafficking offense. See United States v. Navarro, 169 F.3d 228, 235 (5th Cir. 1999). There was reliable evidence that two hundred pounds of marijuana were to be delivered to Campos' residence, and that the sale to the buyer would be completed there. The buyer/agent met with Campos at his residence on two occasions with the expectation that the marijuana would be delivered to him at the residence. Further, the large sum of cash and scales found in the house also indicated that there was ongoing drug activity at the residence. The preponderance of the evidence supported the district court's determination that the weapon found in Campos' residence was used in connection with the drug-trafficking activity.

The district court did not clearly err in increasing Campos' offense level for the possession of a firearm in connection with the drug-trafficking offense.

AFFIRMED.